**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS MAURICIO TORRES-ROMERO, | No. 13-71353 |
| Petitioner, | Agency No. A098-936-316 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015**

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Carlos Mauricio Torres-Romero, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum

and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Torres-Romero's testimony and the police report regarding when police arrived on the scene to investigate the alleged home invasion, and whether the police made an arrest. *See id.* at 1046-48 (inconsistency regarding underlying events supported adverse credibility determination which was reasonable under the REAL ID Act's "totality of the circumstances" standard). Torres-Romero was unable to explain the inconsistencies. *See id.* at 1047. In the absence of credible testimony, Torres-Romero's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's alternate finding that, even if he was credible, Torres-Romero failed to establish that he was or would be harmed on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from

2                                                                 13-71353

harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, we deny the petition for this reason as well. *See Zetino*, 622 F.3d at 1015-16.

**PETITION FOR REVIEW DENIED.**